IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARTOLO AVALOS-HERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-677-Y |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Bartolo Avalos-Hernanbdez, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by Petitioner, the court has concluded that the petition should be denied.

**I. Factual and Procedural History**

Petitioner is serving concurrent sentences of seven years and thirteen years on his 2010 Ector County convictions for intoxication assault and intoxication manslaughter in Case Nos. B-35,945 and B-35,946 for offenses occurring on January 30, 2009. (Pet. 2, ECF No. 1.) The record reflects that on June 12, 2014,

Petitioner was denied release on mandatory supervision by the Texas Board of Pardons and Paroles (the Board) pursuant to § 508.149(b) of the Texas Government Code. (SH3-WR-81,747-01 31, ECF No. 8-3; SH5-WR-81,747-02 31, ECF No. 8-5.) The record further reflects that the Board gave Petitioner notice that he was to be considered for mandatory supervision and an opportunity to submit information in favor of his release on March 17, 2014, notified Petitioner in writing that he was denied supervised release and the reasons for its denial, and informed Petitioner that his next review date was set for June 2015. (SH3-WR-81,747-01 30, ECF No. 8-3; SH5-WR-81,747-02 30, ECF No. 8-5.) The Board denied Petitioner's release for the following reasons:

> 2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon.
> 9D1. The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
> 9D2. The record indicates that the inmate's release would endanger the public.

(SH3-WR-81,747-01 31, ECF No. 8-3; SH5-WR-81,747-02 31, ECF No. 8-5.)

Petitioner filed two state habeas applications challenging the Board's decision, which were denied without written order by the Texas Court of Criminal Appeals on July 30, 2014. ("Action Taken"

2

ECF Nos. 8-1 & 8-4.)  This federal petition followed.

Petitioner asserts that the Board erroneously denied his release "where Petitioner's files are void of the necessary findings required by Texas mandatory supervision statutes to render a denial vote." (Pet. 6, ECF No. 1.)  Petitioner asserts that the Board's decision is vague and ambiguous because–

> The denial notice contains a list of multiple choice components, most of which do not apply to Petitioner's personal predicament, never fully arriving at a definite conclusion, leaving Petitioner only to speculate.  The Board offers nothing which would afford inmate as to where he falls short and what he may need to address upon his next review to hopefully gain a favorable vote.

(Pet'r's Mem. of Law 3, ECF No. 2.)

Petitioner also asserts that the Board misapplied the statute in a discriminatory and arbitrary fashion in light of the fact that he satisfies the mandatory-supervision "requirements for release by virtue of his accumulation of flat time, work time and good time credits equaling to 100% of the totality of his sentence" and that his "good conduct, academic achievements, and the fulfillment of his Institutional Treatment Plan," among other "accomplishments," while incarcerated substantiate his potential and commitment to rehabilitate. (Pet'r's Mem. of Law 4-5 & insert.)

## II. Rule 5 Statement

Respondent believes that Petitioner has sufficiently exhausted his state remedies and that the petition is neither time-barred nor successive.  (Resp't's Ans. 3, ECF No. 11.)

3

### III. Discussion

The Texas mandatory-supervision statute, then and now, provides that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX GOV'T CODE ANN. § 508.147(a) (West 2012). However,

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>
> > (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> > (2) the inmate's release would endanger the public.
>
> (c) A parole panel that makes a determination under Subsection (b) shall specify in writing the reasons for the determination.

*Id.* § 508.149(b)-(c) (West Supp. 2014).

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson,* 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of a petitioner's sentence must arise from state law. The Fifth Circuit has held that Texas's mandatory-supervision scheme at the

4

time of Petitioner's offenses does create a constitutional expectancy of early release for eligible inmates and, as such, a protected liberty interest entitling an inmate to minimum due-process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).

Toward that end, the Texas Court of Criminal Appeals has determined that, in this context, constitutional due process requires that an eligible inmate be provided timely notice of the specific month and year he will be considered for mandatory supervision release and a meaningful opportunity to be heard–*i.e.,* an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Ex parte Geiken,* 28 S.W.3d at 560.

Petitioner was given timely notice that he would be considered for mandatory-supervision release, an opportunity to present or have presented evidence to the Board in support of his release, the reasons for the Board's denial, and the month and year he would be next considered. Accordingly, he received all the process he was due. The Board is not required to be more specific when stating

5

the reasons for its decision or to provide evidence in support of its decision.[1] *Boss v. Quarterman,* 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives"); *Ex parte Geiken,* 28 S.W.3d at 557 (providing "[t]he early release decision is necessarily subjective and cannot be limited to rigidly defined factors"). Nor has Petitioner shown that the Board denied his release on mandatory supervision because of any purposeful discrimination or any impermissible motive, such as race. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-08 (5th Cir. 1997). Accordingly, Petitioner has failed to state a federal claim upon which relief can be granted.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DENIED. Further, for the reasons discussed, a certificate of appealability is DENIED.

SIGNED July 23, 2015.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] The fact that reason "2D" contains several components does not change this result so long as at least one component applies to Petitioner.